Let's take up the final case set for oral argument, People v. John Bryant. Please proceed. May it please the Court, Counselor. My name is Lawrence O'Neill and I represent John Bryant in this cause. This appeal is from the Circuit Court's denial of Mr. Bryant's motion to withdraw guilty. I ask this Court to reverse the judgment of the Circuit Court and remand the matter for further proceedings. Alternatively, this Court should remand the matter for a new sentencing hearing because the parties improperly waived the preparation of the pre-sentence investigation report. In June of 2006, a jury found Mr. Bryant guilty of first-degree murder. This Court reversed this conviction and remanded the case for a new trial, finding that trial counsel was ineffective. A new trial began in March of 2011. On the third day of this trial, Mr. Bryant's wife, Lisa Bryant, testified that Mr. Bryant told her that he had killed a deceitful. Trial counsel ruled for a mistrial, arguing that Lisa Bryant's statement was not disclosed in discovery. The trial recessed for lunch and the trial court took the matter under advisement. When court reconvened, the prosecutor advised that Mr. Bryant had agreed to a guilty plea, where he would plead guilty to count four of the indictments of first-degree murder in exchange for the prosecution's recommendation of a 28-year prison sentence. The trial court found that the plea was voluntary and accepted the plea, and Mr. Bryant was sentenced to the recommended 28-year prison sentence. Mr. Bryant filed a motion to withdraw a guilty plea, arguing that his guilty plea was involuntary. The trial court denied the motion to withdraw a guilty plea, and Mr. Bryant appealed. This Court reversed that judgment and remanded the cause because trial counsel's Rule 6040 certificate was deficient. On remand, a new counsel filed a motion to withdraw a guilty plea, again asserting that his guilty plea was involuntary. Following a hearing, the trial court again denied the motion to withdraw a guilty plea. This appeal follows that ruling by the Circuit Court. This Court should reverse the judgment of the Circuit Court because Mr. Bryant's guilty plea was not knowingly and voluntarily entered in violation of his due process rights. There are two reasons why the guilty plea was not known involuntary. First, the trial court failed to substantially comply with the requirements of Rule 402 at the guilty plea hearing. Specifically, the court failed to advise Mr. Bryant of the potential minimum and maximum sentences for the offense of first-degree murder. Second, the trial court failed to admonish Mr. Bryant that he had the right to persist in the plea of not guilty. And third, the trial court failed to determine whether any promises, apart from the guilty plea agreement, were used to obtain the guilty plea. Rule 402 requires substantial compliance. Taken together, the court's failure to comply with three requirements of Rule 402 does not amount to substantial compliance with the rule. Noncompliance does not equal substantial compliance. The Supreme Court adopted Rule 402 to ensure that only intelligent and voluntary pleas are accepted. It violates due process to accept a guilty plea without an affirmative showing that the guilty plea was knowingly and voluntarily. An affirmative showing is demonstrated by the trial court's substantial compliance with Rule 402. Here, because the trial court failed to substantially comply with Rule 402, Mr. Bryant's guilty plea was not knowingly and voluntarily and a violation of his due process rights. Counsel, let me interrupt you. I took from the state's brief that they were conceding that their position was it was a negotiated plea. There was no PSI. The court also made no findings regarding his history of criminality, and it must be remanded to the trial court for the court to make findings regarding his history of criminality and then potentially either accept or reject the negotiated plea. Do we need to go any further than that? Yes, Your Honor. Your Honor, if the court finds that the guilty plea was unknowingly and involuntary, Mr. Bryant's guilty plea would be vacated, and then he would start over, and then that sentencing question would be mooted at that point. But we don't know that the trial court may make findings of his history of criminality and say, I'm not taking the plea. Well, that's correct. As an alternative, I think that the court should and could do that, but I don't think that that addresses the major point of the argument that the guilty plea was not knowingly and voluntarily. If this court finds that's the case, then the guilty plea would be vacated. But if this court finds that the guilty plea was knowingly and voluntarily, I think the case should still be remanded to the circuit court for a new sentencing hearing with the presentation of the history of criminality and delinquency and a determination by the judge as to whether that sentence is appropriate. So in the interest of justice, Mr. Bryant should be allowed to withdraw his guilty plea because the record does not affirmatively show that his guilty plea was the product of an intelligent and voluntary choice. The state does not seriously argue that the Supreme Court substantially complied with Rule 402. Rather, the state claims that the error is forfeited because the issue regarding noncompliance with Rule 402 was not raised in the subject motion to withdraw a guilty plea. While that is true, this court should consider the matter under the second prong of the plein air rule because an involuntary and knowing guilty plea involves a substantial right to due process. A defendant who pleads guilty waives substantial constitutional rights, the right against self-incrimination, the right to a jury trial, the right of confrontation. Thus here, the error is reviewable under the plein air document because it involves a substantial right to due process. The second reason Mr. Bryant's guilty plea was not knowing and voluntary is because of his mental state at the time of the plea rather than incapable of understanding the proceedings and the consequences of the plea. There are two reasons why Mr. Bryant's mental distress at the time of the plea made his plea involuntary and unknowing. First, in Mr. Bryant's motion to withdraw a guilty plea and in his affidavit and his testimony of the motions to withdraw a guilty plea, Mr. Bryant stated that he was under the influence of the psychotropic drug planopin to treat his anxiety. According to the physician's reference book, this drug can impair mental abilities and cause confusion. The record does not contradict Mr. Bryant's claim that he had taken this drug on the morning of the guilty plea. While it is true that Mr. Bryant told the judge at the motion to withdraw a guilty plea hearing that he could understand the proceedings, he may not have been able to determine whether in fact his thinking was affected by the medication. He may have been affected by it, impaired by it, without realizing it. Second, the manner in which the guilty plea occurred was hasty and abrupt and emotionally devastating to Mr. Bryant, which left him unable to understand the consequences of the proceedings and the consequences of the plea. As mentioned, the guilty plea occurred during the third day of the trial when Lisa Bryant testified that Mr. Bryant told her that he had killed the decedent. This was a complete surprise to Mr. Bryant because it was contrary to her statements to the police and testimony of the first jury trial. Not only was the testimony a stunning surprise, but it was also a personal betrayal that Mr. Bryant was totally unprepared for. This left Mr. Bryant in a shattered emotional state where, as he testified at the motion to withdraw a guilty plea hearing, he was crying and sobbing and was unable to think clearly and unable to think fast enough to make an intelligent and voluntary choice. Under these circumstances, Mr. Bryant's guilty plea was not knowing and voluntary. And in the interest of justice, I ask this court to reverse the judgment of the circuit court and remand the matter for further proceedings. Are there any questions, Your Honor? Thank you, Counsel. Thank you. I come on behalf of the state. Your Honor, may I please record? Mr. O'Neill. I'll start quickly with your question. I'm in agreement with counsel. And the reason for that is, I guess, number one, there's sort of, there really is kind of discrete legal inquiries that are involved here. And the defendant's allegation of an absent or a lack of a knowing and voluntary plea is sort of a freestanding claim, which in and of itself would abrogate the guilty plea. And if that were the case, it would effectively moot the issue of a remand for the court to affirm the sentence, because it relates to a sort of discrete inquiry about whether the defendant's plea at the outset was valid or not. Okay. So, and the reason I say this is that it goes back with the conception that, well, the state's conception sort of encompasses everything that we need to do right now. It never really addresses upon the defendant's outset argument that his plea was involuntary to begin with. And so we might also sort of go around and around in circles, because then the defendant will then argue after he's resentenced that my plea was involuntary, and therefore I should be allowed to withdraw after the court reaffirms the sentence and files another post-trial motion alleging that he wants to withdraw his guilty plea. So I do think it's, number one, obviously, it's a properly made, I mean, it was a properly filed post-trial, post-plea motion in this case. So I think this court really kind of has to reach that issue, notwithstanding the state's conception. It's more of an alternative. If you agree with everything else I have to say, it's still got to wait for that. All right. And I guess I was thinking, does it presume that the court's going to make a finding of the history of criminality and then take the plea? I agree. Well, what really typically happens is the court is either going to be asked to confirm or reject the plea. And that's really just based upon the presentation of the defendant's factual or, excuse me, the criminal history. So it doesn't touch upon any issue in regards to the voluntariness of the plea, just regards to whether or not the sentence is in accord with the type of sentence the court feels in its power to do so, whether the plea represents a proper disposition of the case. And that's why courts have held that it's not waivable, because it's for the court's benefit, not the defendant's, to know what the defendant's criminal history is. But it doesn't get into anything with regards to the voluntariness of the plea. So I'm loathed, I'm very loathed by that. In fact, I don't think the court should harness that as essentially ending the case and sending it back, because we're going to be back here again making the same argument, or maybe more. So I think that this court should at first address the defendant's arguments as it relates to the voluntariness of the plea. That said, I think that, first of all, to make it clear, we're not arguing that there's substantial compliance here. There's really sort of two steps that take place here, and this is driven in a normally Supreme Court case called Davis. Number one, was there substantial compliance? If there was substantial compliance, then there was no error, okay? There's no requirement that there be absolute compliance, only substantial. If there was not substantial compliance, then the next step that the Supreme Court has held is that even imperfect admonishments do not themselves require abrogation of the guilty plea, but there has to be something to show that the imperfect admonishments had prejudiced the defendant, you know, such that it was denied substantial justice. And that is why the court has held that, number one, the failure to allege, a failure to allege, the requirement to allege the lack of improper admonishments is waivable, and number two, it's also reviewable under plain error, okay? Now, so it's not a matter of if it's imperfect admonishments and it's not substantial compliance, then it doesn't matter. You get a free bite with a new plea, or you get your plea vacated. It still has to be established by the defendant as plain error. And I think part of the problem I have with this case, perhaps from a personal standpoint, is that, you know, and it's not the first time I've seen it, where there's obviously a procedurally defaulted claim. I mean, there was a post-trial motion that did not allege anything that's related to the court's admonishments. And that being the case, there's nothing in the record as it exists that show that the imperfect admonishments had any effect on the defendant at all in terms of the voluntariness of his plea. What the defendant has here is a very bright and capable appellate attorney who reads the record and sees the imperfect admonishments and raises them on appeal. And that's perfectly fine. Again, you could raise this issue with plain error, but the Supreme Court has also held on the means that simply alleging plain error doesn't get you plain error. You have to develop the argument. As the Court's aware, plain error involves, you know, either closely balanced evidence or that there was a substantial denial of justice and erodes the integrity of the court system, et cetera. As an aside, a relative aside, I would note that the Court had held in Glasgow that it views that second problem of plain error as essentially encompassing what we call structural error. It gives certain examples or a list, if you will, of structural error. Denial of counsel, trial before a vice judge, racial discrimination, denial of self-representation, et cetera. There's a case pending in the Illinois Supreme Court where the issue comes from a decision of the Illinois Held Court, but this is not an exclusive list of what constitutes structural error. That's an interesting issue because up to this point, it's sort of how it's been treated. But that being the case, obviously, if the plain error analysis applies, then it's not in and of itself structural error. And this sort of ties in to the defendant's argument here. To show that the defendant was denied substantial justice, the defendant is taking the error itself and giving it the label of a denial of substantial justice. In other words, the denial of substantial justice here is that these amnesties are required to assure the defendant that it is a knowing and voluntary guilty plea. If that's true, then it must be structural error or, per se, reversible error because there would be no need for plain error because the error alleged itself becomes the second prong of the plain error analysis. That clearly can't be true. The Supreme Court made it much clearer when it says that there needs to be a showing that there's actual prejudice. The defendant, kind of like the last argument, is sort of making a prejudice-free argument. The court did it. He didn't comply with the rule. QED. I should get my plea withdrawn. And that's not how it works. So I think there's sort of two parts of this. Number one, there's a reason why we have the plain error rule and there's a reason why we need to preserve it. There's a reason why the defendant carries the burden of establishing plain error. It's because they're failing to preserve the issue below. It's essentially stripped this case of a factual and evidentiary background to support the claim that comes up on appeal that the defendant's plea was involuntarily answered. But we don't have that. We still don't have that. And nothing the defendant's argument here has changed that particular characteristic of this case. So, and that's why I'm not trying to get down on a steel kneel or anything, but I do think that there needs to be perhaps a more stringent adherence to what the plain error analysis encompasses, and that is developing the argument from at least from a contextually factual standpoint in this record to show that these lack of notions materially impacted the defendant's ability to materially demonstrate that the plea to be answered was involuntarily the result of those improper notions. We simply don't have that in this case. Now, with regards to what the defendant, when we get to the prejudice aspect of it, when we look at what's being raised here, there were three basically main things that the court failed to do. Number one was the minimum and maximum. Number two was the, whether he was a persistent, right, persistent in that guilty plea. And number three was the promise doesn't remain. What's interesting about this case is that the plea came in mid-trial. You know, Mr. O'Neill lays out very well the factual background of this case, and essentially what had happened was this is a plea that had been offered to the defendant prior to trial. It's for, real quick, let me stop myself right there. When we look at this, we have to look at this from the perspective of what is the legal standard for a court to grant a denying motion of a guilty plea, and that is that essentially the defendant is a burden showing that but for this, or not only but for, but the defendant would not have entered into this plea had he known this or that. So we have to ask ourselves, well, okay, if he'd been properly admonished, if he'd been properly admonished, would he still have entered into this guilty plea? And I don't think that the record demonstrates or shows that's the case. Number one, the plea bargain that he got was near the minimum, okay? So with regards to the range of sentence, you know, it's not like he got something way off the charts, maybe at the top of the scale. I mean, whoa, I didn't want him getting a lot less than 28 years, but he couldn't. And number two, with regards to the right of being aware to persistently plead not guilty, he was exercising that right when he pled guilty. So there's no way he couldn't have known that he had a right to persist in his not guilty plea. That's exactly what he was doing, and he stepped away from it in the middle of trial. The closest defendant comes below in terms of developing a record with regards to this ostensible connection to the admonishments, is regards to the inducements and the promises, and that is where the defendant had argued below that, well, my counsel told me that I had an absolute right to withdraw my guilty plea within three to four days after I entered the guilty plea. Apart from the fact that I'm not sure that that necessarily relates to, if I can just finish this thought real quickly, Your Honors, apart from the fact that I'm not sure that it relates directly to the voluntariness of the plea, there was an evidentiary record developed below, and the court rejected the defendant's argument in favor of counsel's representation at the hearing that he made no such representations to the defendant at the time of the plea. And this court, I don't think, can ignore that particular factual finding in the context of the voluntariness of the plea. Thank you, Your Honor. Mr. O'Neill, will you follow up? Regarding the requirement in this case to establish prejudice from the trial court's failure to substantially comply with Rule 402, it's important to note that 402 was in response to the U.S. Supreme Court's case in Boykin that a guilty plea must be knowing and voluntary. Thus, the Supreme Court adopted 402 to ensure that a defendant's plea is knowing and voluntary. How is a defendant's plea knowing and voluntary if the trial court substantially complies with the administrative requirements of Rule 402? In this case, the court failed to give three of those requirements. And the trial judge violates the process if the judge accepts a guilty plea without affirmative showing that the guilty plea was knowing and voluntary. How is a guilty plea shown to be knowing and voluntary? By the trial court substantially complying with Rule 402. The prejudice here, there is language that the defendant should be allowed. There's a question, first of all, whether there was substantial compliance. And the question is, the answer to that is no, but the court failed to give three of those requirements of the rule. The question then becomes whether the defendant should be allowed to withdraw his guilty plea because of that. And based upon it, there was a real injustice. Well, a real injustice occurs where the record does not affirmatively show that the guilty plea was knowing and voluntary because of the trial judge's failure to substantially comply with Rule 402. Regarding the specific claim, the specific deficiencies in the judge's admonitions and whether that caused any prejudice, I would submit to the court and refer to the Vasquez case that I cited, that the failure to tell the defendant of the minimum and maximum sentences he faced is almost always, it should be reversible almost in itself because substantial compliance means telling the defendant the minimum and maximum sentences that he is facing under the law. The fact that this was not provided here to Mr. Bryant, in effect, makes the guilty plea unknowing and voluntary because how can you plead knowing and voluntary to an offense if he was not informed of the minimum and maximum sentences that he faced? Regarding the judge's failure to advise the defendant that he has the right to persist in the plea of not guilty, under the facts of this case, considering the abrupt and hasty manner in which the plea occurred and Mr. Bryant's distressed emotional state, had the court told him before the guilty plea that he had the right to persist in his plea of not guilty, he may have taken pause or may have considered whether to go ahead. This was a rush job, and it would have been beneficial to Mr. Bryant to be told, you can persist in your plea of not guilty. That was not done here. As to the court not telling Mr. Bryant at determining whether any promises was used to obtain the plea, Mr. Bryant claimed that counsel told him he could withdraw his guilty plea by right, and that he would not have pled guilty had he known that he did not have that right. Well, if the court asked Mr. Bryant if any promises had been made to him outside of the plea agreement to obtain his plea, he may have spoken up and said, you know what, my attorney told me that I could withdraw the guilty plea by right within three to four days. He may not have then gone ahead with the guilty plea had the court informed him that he does not have an automatic right to withdraw the guilty plea within three or four days. Or he may have gone ahead with the guilty plea not knowing that his defense counsel was incorrect, believing that he could withdraw his guilty plea. And if he did that based upon the incorrect advice by counsel, that plea would be involuntary and invalid. So there was real justice denied here to Mr. Bryant by the lack of substantial compliance with Rule 402, and the emotional state that he was in at the time the plea was accepted. Counsel, let me ask you on the second point about whether or not he was admonished that he had the right to persist in his not guilty plea. Was there discussion on the record that the court made it clear that if you plead guilty, this trial's going to stop, we're not going to go any further in the trial? I think counsel was arguing that implicitly then the defendant would realize that he would have the right to persist in his not guilty plea and go ahead with the trial. I don't believe that that satisfies the requirements of the rule, and it's not substantial compliance for the defendant to be required to infer what the judge meant by his statement. The court has to state specifically what his statement in Rule 402, and that is you have the right to persist in your right to plead not guilty. The reason we have those admonishments is so it's clear to the defendant and we don't leave it up to the defendant to interpret what the judge is saying. So I would answer that the judge's statements did not satisfy Rule 402. Thank you. We'll take this case under advisement and court will be in recess. Thank you.